**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HERSON DANIEL HERNANDEZ-ELIAS, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-72881 <br><br> Agency No. A070-111-917 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Herson Daniel Hernandez-Elias, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order affirming

without opinion an immigration judge's ("IJ") decision denying his applications

for asylum, withholding of removal, and relief under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"), and for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Hernandez-Elias' contention that the agency erred in denying relief under NACARA because he failed to raise that issue before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

In his opening brief, Hernandez-Elias fails to address, and therefore has waived any challenge to, the agency's determination that he did not establish eligibility for asylum, withholding of removal, or relief under the CAT. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Hernandez-Elias' contention that the BIA violated due process by affirming without opinion the IJ's decision is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir. 2003) (BIA's summary affirmance procedure does not violate due process).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**